**JURY TRIAL DEMANDED**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DAVID MCCARLEY**                                        **PLAINTIFF**

**VS.**                               **CIVIL ACTION NO.**   3:19cv663DPJ-FKB

**CITY OF PEARL, MISSISSIPPI**                               **DEFENDANT**

## COMPLAINT

### Introduction

THIS ACTION seeks all remedies for procedural and substantive due process violations, including, but not limited to, front pay, back pay, benefits, compensatory damages, and reinstatement for the unlawful actions of the Defendant City of Pearl, Mississippi (hereinafter "Pearl"), in terminating Plaintiff David McCarley without cause or reason, in violation of procedural and substantive due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

### JURISDICTION

**1.**

The jurisdiction of this action is secured pursuant to 28 U.S.C. § 1343(3), (4), and § 1331 for this cause of action arising under 42 U.S.C. § 1983.

### VENUE

**2.**

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) in that Plaintiff

and Defendant both reside in the Southern District of Mississippi, Northern Division, and the events or omissions giving rise to the causes of action occurred in the same Judicial District, Judicial Division, and State.

**PARTIES**

**3.**

Plaintiff David McCarley was at all times herein an adult resident citizen of the United States and a resident of Rankin County, Mississippi, located within the Northern Division in the United States District Court for the Southern District of Mississippi.

**4.**

The City of Pearl, Mississippi, is a municipality duly organized and operating under the laws of the State of Mississippi and is an employer for the purposes of 42 U.S.C. § 1983. Said Defendant is located within the Northern Division in the United States District Court for the Southern District of Mississippi.

**FACTS**

**5.**

In January of 2003, Plaintiff David McCarley became a Police Officer with the City of Pearl, Mississippi.

**6.**

Plaintiff was an employee working for the Defendant City of Pearl, Mississippi, until Pearl terminated his employment on or about September 19, 2018.

**7.**

On or about September 19, 2018, Pearl Police Chief Dean Scott told then Lieutenant

David McCarley that if he did not resign he would be fired. Realizing involuntary employment termination could ruin his future in law enforcement, Officer McCarley resigned. Pursuant to the Personnel Policies and Procedures in effect for the Pearl Police Department on September 19, 2018, Plaintiff possessed a property interest in his employment. With that property interest he was entitled to notice for the reasons of his proposed termination, with the factual basis stated for said proposed termination and the right to a pre-termination and post-termination due process hearing wherein Plaintiff could prove there was no cause to terminate him.

**8.**

The Chief Dean Scott told Plaintiff that he would be terminated if he did not resign because the Chief understood that there was no just cause to terminate Plaintiff and that without just cause, if the Chief proposed that Plaintiff be terminated, on an administrative appeal Plaintiff McCarley would have been reinstated.

**9.**

Chief Scott was not being candid with Plaintiff McCarley. Chief Scott well knew that there was no just cause to terminate Plaintiff and that in the event of a termination if Plaintiff appealed he would be reinstated with back pay. In that vein, Plaintiff requested that he be given a polygraph examination. The Chief refused, knowing that Plaintiff would have passed the polygraph examination.

**10.**

There was no cause which would justify terminating the employment of Plaintiff McCarley. Plaintiff resigned because he was forced into said resignation by the prevarications of the Chief of Police.

## STATE ACTION

**11.**

At all times material, Defendant City of Pearl, Mississippi, was and has been acting under color, custom, and usage of the laws of the State of Mississippi.

## CAUSE OF ACTION

**12.**

Terminating the Plaintiff without notice of the proposed termination which contains the alleged factual basis for the proposed termination, without affording the Plaintiff a pre-termination hearing before the decision maker who would decide whether the termination was justified and without thereafter affording the Plaintiff a post-termination due process evidentiary hearing wherein Plaintiff could call and cross examine witnesses to prove there was no cause for terminating him, all is in violation of the Fourteenth Amendment to the United States Constitution, this violation being a procedural due process violation.

**13.**

Substantive due process also was violated because Plaintiff was terminated by misleading coercion when there was no cause whatsoever to terminate the Plaintiff. Had Plaintiff been given a post-termination due process hearing, he would have remained employed.

## IRREPARABLE HARM

**14.**

Plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

## DAMAGES

**15.**

As a direct and proximate result of being terminated from the City of Pearl in violation of procedural and substantive due process, Plaintiff has suffered loss of income and fringe benefits, damage to his reputation, severe mental anguish, and emotional distress, justifying an award of damages.

**16.**

The termination also has caused Plaintiff to earn less money than he was earning with the City of Pearl, justifying an award of back pay, along with pre-judgment and post-judgment interest.

## RELIEF

**17.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court will take jurisdiction of the parties and the subject matter and grant the following relief:

1. Plaintiff be reinstated to his position as Lieutenant for the City of Pearl, Mississippi, Police Department, with full back pay and fringe benefits, or, in the alternative, be granted front pay.

2. A judgment of and from the Defendant in the amount set by the jury for back pay, fringe benefits, salary increases, awards, bonuses, and income lost for Plaintiff's having been terminated from his employment in violation of 42 U.S.C. § 1983.

3. Damages in an amount set by the jury for psychiatric injury, mental anguish, emotional distress, and loss of reputation proximately caused by Plaintiff's termination by the Defendant.

4. The costs of this cause, including a reasonable attorneys' fees.

5. General relief.

Respectfully submitted, this the 16th day of September, 2019.

/s/ Dennis L. Horn
Dennis L. Horn, Attorney for Plaintiff,
David McCarley

Dennis L. Horn (MSB #2645)
Shirley Payne (MSB #4071)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Phone: (601) 853-6090
Fax: (601) 853-2878
hornpayne@gmail.com